Henry Roger BASSINE, Petitioner,

v.

Jean HILL, Superintendent, Snake River Correctional Institution, Respondent.

No. CIV.05 916 BR.

United States District Court, D. Oregon.

Sept. 27, 2006.

Dennis N. Balske, Portland, OR, for Petitioner.

Hardy Myers, Attorney General, Douglas Y.S. Park, Assistant Attorney General, Department of Justice, Salem, OR, for Respondent.

## ORDER

BROWN, District Judge.

Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Motion For Subpoena Pursuant to Rule 6 of the Rules Governing Section 2254 Cases (# 5). For the reasons that follow, the Court GRANTS Petitioner's Motion.

## BACKGROUND

Petitioner was convicted on charges of Sodomy in the First Degree and two counts of Sex Abuse in the First Degree. The victim, a foster child who resided in

Petitioner's home, first disclosed the abuse to a psychologist, Dr. Johnston.

Prior to the criminal trial, the prosecution subpoenaed Dr. Johnston's records. The victim's guardian, the Casey Family Foundation, moved to quash the subpoena, to block the psychologist's testimony, and to prohibit *in camera* review of the records. The prosecution moved to compel production of the subpoenaed records, and Petitioner joined the motion. The trial court denied all access to the psychologist's records, and later denied Petitioner's motion for reconsideration.

On direct appeal to the Oregon Court of Appeals, Petitioner argued the trial judge erred by failing to compel the *in camera* production of Dr. Johnston's records of counseling sessions with the victim, in violation of due process and the Sixth Amendment confrontation and compulsory process clauses of the United States Constitution. The Court of Appeals denied relief. *State v. Bassine*, 188 Or.App. 228, 71 P.3d 72 (2003). The Court of Appeals later amended its opinion to remove a factual error. *State v. Bassine*, 189 Or. App. 487, 76 P.3d 668 (2003). Petitioner sought review, but the Oregon Supreme Court denied his petition. *State v. Bassine*, 337 Or. 182, 94 P.3d 877 (2004).

Petitioner filed this habeas corpus action on June 22, 2005, alleging one claim for relief, that the trial court erred by failing to compel the *in camera* production of counseling records of the complaining witness, in violation of the Fourteenth Amendment due process and Sixth Amendment confrontation and compulsory process clauses of the United States Constitution. Petitioner now moves for an order pursuant to Rule 6 of the Rules Governing § 2254 Cases permitting him to subpoena the victim's files from Dr. Johnson for *in camera* review by this Court. Respondent objects, arguing Petitioner is not entitled to discovery because granting his request would be futile, and an unwarranted invasion of his victim's privacy interest.

## DISCUSSION

### I. *"Good Cause" to Exercise Discretion*

Rule 6 of the Rules Governing § 2254 Cases ("Rules") allows civil discovery to *habeas corpus* petitioners "if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The allowance of discovery under Rule 6 must be considered in conjunction with 28 U.S.C. § 2254(e)(2), which restricts the court from considering evidence if the petitioner failed to develop the factual basis of his claim in state court.

Under § 2254(e)(2), "failed to develop" means "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S.Ct. 1479, 146 L.Ed.2d 435 (2000). A prisoner is not at fault if he "made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Id.* at 435, 120 S.Ct. 1479. "If a prisoner's diligent efforts to develop the facts in state court were thwarted by the prosecutor, state court, or otherwise, then the federal court may proceed to consider whether to hold an evidentiary hearing on a claim not considered by the state court and, likewise, 'good cause' may exist to allow discovery under Rule 6." *Dispennett v. Cook*, 2001 WL 34039134, *6 (D.Or.2001).

Petitioner sought *in camera* review of Dr. Johnston's records throughout the trial and appeal process in state court. Indeed, the state prosecutor initially sought and was denied the records. Thus, Petitioner did not "fail to develop" the

facts underlying his claims before this court.

## II. *State Law Abrogating the Psychotherapist–Patient Privilege*

■ As a general rule, the treatment records and testimony of a psychotherapist are privileged under Or.Ev.Code 504(2). Thus, ordinarily, those privileged communications would be inadmissible without the patient's consent. Oregon law, however, abrogates that privilege under certain circumstances:

> In the case of abuse of a child, the privileges created in ORS 40.230 to 40.255, including the psychotherapist-patient privilege ... shall not be a ground for excluding evidence regarding a child's abuse, or the cause thereof, in any judicial proceeding resulting from a report made pursuant to ORS 419B.010 to 419B.050.[1]

Or.Rev.Stat. 419B.040(1). The statutory exception applies to both sides in a judicial proceeding, and applies equally to evidence of abuse and to exculpatory evidence. *State v. Hansen,* 304 Or. 169, 179, 743 P.2d 157 (1987). In *Hansen,* the court recognized that failure to apply the exception to exculpatory evidence might raise constitutional difficulties:

> Constitutional difficulties might include the confrontation and compulsory process clauses of Article I, Section 11 of the Oregon Constitution and the Sixth Amendment to the United States Constitution, as well as the due process clause of the Fourteenth Amendment.

*Id.* at 179 n. 6, 743 P.2d 157.

Petitioner advanced this very argument in his Reply Brief in the Oregon Court of Appeals. Resp. Exh. 113, pp. 2–4. Inexplicably, the Court of Appeals ignored this portion of Petitioner's argument, stating "[Petitioner] has not raised ORS 419B.040, which establishes as an exception to the psychotherapist-patient privilege in juvenile sex abuse cases for both exculpatory and inculpatory material." *State v. Bassine,* 188 Or.App. at 234, n. 7, 71 P.3d 72.

Notwithstanding the criminal trial and appellate courts' refusal to allow Petitioner access to Dr. Johnstons' records, this Court finds Or.Rev.Stat. § 419B.040(1) abrogates the psychotherapist-patient privilege in this case. Accordingly, state law does not prohibit the discovery sought by Petitioner in this *habeas corpus* action.

## III. *Federal Psychotherapist–Patient Privilege*

Respondent argues the psychological records sought by Petitioner are also subject to the federal psychotherapist-patient privilege recognized in *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). *Jaffee,* however, was a civil case with no confrontation clause or due process considerations implicated.

■ Here, Petitioner argues his constitutional rights of confrontation and cross-examination, as well as his Fourteenth Amendment Due Process rights, outweigh the psychotherapist-patient privilege. This Court agrees. *See United States v. Mazzola,* 217 F.R.D. 84 (D.Mass.2003) (concluding that societal interest in guarding the confidentiality of communications between a therapist and client were outweighed by a criminal defendant's constitutional right to effectively prepare and cross examine a witness); *United States v. Lindstrom,* 698 F.2d 1154, 1166 (11th Cir.1983) (same); *see also Dispennett,* 2001 WL 34039134 at *10–11 (finding Due

---

1. These statutes codify Oregon's mandatory child-abuse reporting standards. The charges against Petitioner resulted from such a report.

Process Clause overcame federal psychotherapist-patient privilege in habeas corpus action where petitioner sought review of victim's mental health records); *but see Newton v. Kemna*, 354 F.3d 776 (8th Cir.) (district court's refusal to allow petitioner to discover psychiatric records of prosecution witness over claim of physician-patient privilege not an abuse of discretion), *cert. denied*, 543 U.S. 979, 125 S.Ct. 485, 160 L.Ed.2d 357 (2004). Accordingly, the federal psychotherapist-patient privilege does not preclude the discovery sought in this action.

### IV. *Futility*

In any event, Respondent argues Petitioner is not entitled to discover Dr. Johnston's records because he cannot prevail on his underlying claim because there is not any Supreme Court precedent that criminal defendants have a right to an *in camera* review by a trial court of a sexual assault victim's privileged psychological records, where those records are held by a third party. For the reasons stated in Petitioner's Reply to Respondent's Objections, this Court disagrees with the State's characterization. As Petitioner notes, the ultimate issue in this case is whether Petitioner's due process and/or confrontation rights were violated. At this juncture, the Court can do so only if it reviews the records Petitioner seeks.

### CONCLUSION

For these reasons, the Court GRANTS Petitioner's Motion For Subpoena Pursuant to Rule 6 of the Rules Governing Section 2254 Cases (# 5). Any records produced pursuant to the subpoena are subject to a Protective Order to be drafted and agreed upon by the parties, and approved and entered by this court. In addition, any documents submitted to this Court revealing privileged materials must be filed under seal.

IT IS SO ORDERED.